STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION, Rockrose Development Corporation and Chelsea Property Owners, Petitioners,

v.

INTERSTATE COMMERCE COMMISSION, United States of America and West Side Rail Line Development Foundation, Inc., Respondents.

CHELSEA PROPERTY OWNERS FOR the REMOVAL OF the WEST 30TH STREET TRACK, Petitioner,

v.

INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.

Civ. A. Nos. 85–1, 85–6.

Special Court,
Regional Rail Reorganization Act.

Aug. 9, 1985.

John L. Oberdorfer, Timothy J. May, Scott N. Stone, Claudia Deering, Patton, Boggs & Blow, Washington, D.C., for intervenor petitioner Chelsea Property Owners.

Robert J. Grady, Atty., Robert S. Burk, Acting General Counsel, John J. McCarthy, Jr., Deputy Associate General Counsel, I.C.C., Washington, D.C., for respondent I.C.C.

Alan E. Kleinburd, Atty., Richard K. Willard, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for respondent U.S.

John D. Heffner, Sedam, Herge & Reed, Washington, D.C., for intervenor respondent West Side Rail Line Development Foundation, Inc.

Thomas E. Zemaitis, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Charles E. Mechem, Consol. Rail Corp., Philadelphia, Pa., for amicus curiae Consol. Rail Corp.

Fritz R. Kahn, Verner Liipfert, Bernhard, McPherson and Hand, Chartered, Washington, D.C., Carmine J. Clemente, Darrell W. Harp, Counsel to Com'r, State of New York Dept. of Transp., Albany, N.Y., for petitioner New York Dept. of Transp.

Walter M. King, Washington, D.C., Harold L. Fisher, Fisher & Fisher, Brooklyn, N.Y., for intervenor petitioner Rockrose Development Corp.

Before GASCH, Presiding Judge, and BRYANT and WEINER, Judges.

## MEMORANDUM OPINION

WEINER, Judge.

Presently before the court is a petition to review a decision of the Interstate Commerce Commission (ICC) the effect of which would permit Consolidated Rail Corporation (Conrail) to sell an elevated railroad line in Manhattan to the West Side Rail Line Development Foundation, Inc. (West Side). The issues have been extensively briefed and oral argument was held before the court on May 14, 1985. For the reasons which follow, we set aside the decision of the ICC and remand the case to that agency for further proceedings.

Section 1156 of the Northeast Rail Service Act of 1981 (NRSA) amended the Regional Rail Reorganization Act of 1973 by adding a new section 308 (45 U.S.C. § 748)

to provide an expedited procedure to enable Conrail to dispose of unprofitable rail lines. Pursuant to this section, Conrail filed an application to abandon 1.45 miles of elevated track, known as the West 30th Street Branch, which runs from approximately 33rd Street to Bank Street in Manhattan. Under Section 308(b), the ICC is required to grant the application for abandonment unless an offer of financial assistance is made. Such an offer was made by West Side.

Section 308(d) makes the provisions of 49 U.S.C. § 10905(d)–(f) applicable to offers of financial assistance. These provisions require the ICC to determine whether the offeror is financially responsible and whether the offer is reasonable. The New York Department of Transportation (NYDOT) opposed West Side's offer and participated in proceedings before the ICC. In a decision served on July 12, 1984, Richard Lewis, Acting Director of the ICC's Office of Proceedings, found that West Side was financially responsible and that it submitted a *bona fide* offer of financial assistance.

The administrative appeal of NYDOT was denied in a decision by Acting ICC Chairman Andre served on September 4, 1984. Based on Conrail's estimation of the net liquidation value of the line, Conrail agreed to sell and West Side agreed to buy the line for $10.00. West Side, however, exercised its statutory right to request that the ICC establish the remaining terms of closing the purchase. The full ICC set forth such terms in a decision served on September 28, 1984.

On October 2, 1984, NYDOT petitioned the United States Court of Appeals for the Second Circuit for review of the ICC decision. However, in a Memorandum-Order filed on December 20, 1984, this court declared that it has original and exclusive jurisdiction to review orders of the ICC entered pursuant to Section 308 and enjoined NYDOT from pursuing its petition for review of the ICC decision in the Second Circuit. *Interstate Commerce Com-*

*mission v. State of New York Department of Transportation,* No. 84–10 (Regional Rail Reorg. Ct., December 20, 1984). NYDOT subsequently petitioned this court for review of the ICC decision.

After NYDOT filed its petition in this court, several parties sought, and were granted, leave to intervene in this matter. The Chelsea Property Owners for Removal of the West 30th Street Secondary Track (Chelsea) and the Rockrose Development Corporation (Rockrose) have intervened as petitioners.[1] West Side has intervened as a respondent. Furthermore, leave was granted for Conrail to file a brief as amicus curiae.

■ Section 1152(c) of NRSA (45 U.S.C. § 1105(c)) establishes the extent of this court's review of administrative agency action under that Act. It incorporates the provisions of Section 706(2) (A–D) of the Administrative Procedure Act. Thus, the court shall set aside agency action that is found to be, *inter alia,* "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The arbitrary and capricious standard of review requires the court to inquire as to whether the agency considered all of the relevant factors in reaching its decision and whether it committed a clear error of judgment. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 816–17, 28 L.Ed.2d 136 (1971); *Trailways, Inc. v. ICC,* 673 F.2d 514, 517 (D.C.Cir.), *cert. denied,* 459 U.S. 862, 103 S.Ct. 137, 74 L.Ed.2d 117, *reh'g denied,* 459 U.S. 983, 103 S.Ct. 320, 74 L.Ed.2d 296 (1982).

In order to apply this standard in a proper context, it is necessary to review the chronology of events which led to the final decision of the ICC. West Side submitted its offer of financial assistance on June 29, 1984, three days before the statutory period for filing such offers expired. On July 6, 1984, the day it received notice of West

Side's offer, NYDOT petitioned the ICC to hold a determination on the offer in abeyance until it had an opportunity to review and comment upon the matter. NYDOT's petition was filed on July 9, 1984. On July 12, 1984, the Commission served a decision rendered by the Acting Director of the Office of Proceedings on July 9, 1984 finding West Side financially responsible and its offer *bona fide* and reasonable. Thus, the Acting Director reached his decision on the same day that the Commission received NYDOT's request to hold the matter in abeyance.

NYDOT subsequently filed an administrative appeal. The Commission, however, ruled that NYDOT failed to meet its rigorous burden of establishing that the Acting Director's decision constituted a clear error of judgment or a manifest injustice. NYDOT was, therefore, placed in the almost impossible position of meeting such a burden based upon a record in which it was permitted no role in developing.

Chelsea and Rockrose represent various property owners who hold interests in real estate underneath the elevated rail line. Conrail holds easements to operate rail line over these properties. West Side would become the holder of the easements if allowed to purchase the line. The petitioning intervenors assert that under the terms of the easements, the easement holder is obligated to remove the elevated structure at its own expense. Neither of the intervening petitioners received notice of the proceeding before the ICC.

■ The court is mindful that the streamlined procedures of Section 308 are intended to permit Conrail to expeditiously abandon unprofitable rail lines in order to facilitate its economic recovery. *Consolidated Rail Corp. v. Pennsylvania Public Utility Comm.,* 565 F.Supp. 153, 154 (Regional Rail Reorg.Ct.1983). Section 308 does not contemplate that the ICC hold a full evidentiary hearing permitting all in-

---

1. Chelsea petitioned the ICC to intervene and reopen the administrative proceedings. In a letter decision of March 6, 1985, the ICC rejected Chelsea's petition. Chelsea sought review of

this decision by filing a petition with this court on April 8, 1985. That action, No. 85–6, was ordered consolidated with the action brought by NYDOT, No. 85–1.

terested parties the opportunity to present evidence with respect to an offer of financial assistance. However, when offers of financial assistance are filed, the proceedings before the ICC should not be so inflexible so as to effectively prohibit the meaningful participation of all interested parties except for the offeror and the offeree.

■ The notice that NYDOT received pursuant to ICC regulations was rendered of little value due to its lack of opportunity to comment upon or present evidence regarding the offer. Furthermore, although the regulations do not provide for the intervening petitioners to have received notice to the ICC, they have a significant interest in the outcome of this matter. Under these circumstances we do not believe that the ICC could have considered all the relevant factors in reaching its decision. Accordingly, this matter will be remanded to the ICC to allow the interested parties to comment and present evidence on West Side's offer.

## ORDER

The decision of the ICC in Docket No. AB–167 (Sub-No. 493N), *Conrail Abandonment of a Portion of the West 30th Street Secondary Track in New York, NY,* served September 4, 1984 is set aside. The consolidated cases, Nos. 85–1 and 85–6 are remanded to the ICC to allow intervening petitioners and other interested parties to comment upon and present evidence regarding the offer of financial assistance of West Side Rail Line Development Foundation, Inc.

The ICC may determine the manner in which it shall receive such comment and evidence.